IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Plemmons, | Civil Action No.: 9:15-cv-2914-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| CO Lovin; Capt Rodgers; DHO Man, *of Evans Correctional Institution*, | |
| Defendants. | |

Plaintiff Jerry Plemmons ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action on July 24, 2015. This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. On August 27, 2015, the Magistrate Judge issued a Report recommending that this case be dismissed without prejudice and without service of process, finding that Plaintiff's claims fail as a matter of law. (ECF No. 16.) Plaintiff filed a timely objection to the Report. (ECF No. 21.) Plaintiff's objection fails to point to any specific error in the Magistrate Judge's Report. Rather, he merely restates the allegations made in his Complaint and Amended Complaint. (*Id.*)

The Magistrate Judge makes only a recommendation to the District Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the District Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of

1

the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). As previously stated, Plaintiff's timely objection fails to allege specific errors in the Magistrate Judge's analysis; thus, the Court has reviewed the Magistrate Judge's conclusions only for clear error.

Having reviewed the pleadings, the Report, and Plaintiff's objection for clear error, the Court agrees with the Magistrate Judge that Plaintiff's claims against Defendants are subject to summary dismissal. Plaintiff first alleges that he was denied due process because he was not allowed to present certain evidence at his disciplinary hearing. However, as correctly stated by the Magistrate Judge, Plaintiff's allegations fail

to establish the violation of a protected liberty interest, and, therefore, his due process claim fails as a matter of law. (ECF No. 16 at 3); *see Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) *("*In order to prevail on either a procedural or substantive due process claim, Inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action."). Indeed, Plaintiff's imposed sanctions of loss of canteen, phone, and visitation privileges for 90 days do not present the violation of a protected liberty interest—nor does the denial of inmate pay. *See, e.g., U.S. v. Alkire*, No. 95-7885, 1996 WL 166400, at * 1 (4th Cir. Apr. 10, 1996) ("[T]here is no constitutional . . . right to use of a telephone while in prison."); *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 461 (1989) (finding no right to visitation guaranteed by the Due Process Clause); *Goodwin v. Schwartz*, CIA No. 8: 10-1760-CMC, 2010 WL 3489092, at * 2 (D.S.C. Aug. 11, 2010) ("Canteen access is not a protected liberty interest."), *adopted by* 2010 WL 3489097 (D.S.C. Sept. 1, 2010); *Anderson v. Morgan*, 898 F.2d 144 (4th Cir. 1990) *("*[N]onpayment of wages under prison work-release programs is not actionable under § 1983.").

As for Plaintiff's claim that he was subjected to "double jeopardy" because both he and his cellmate were charged for having the same contraband, the Magistrate Judge correctly found that such a claim was inapplicable to Plaintiff's allegations. (ECF No. 16 at 5–6.) The Magistrate Judge then liberally construed the pleadings to consider an equal protection claim based on Plaintiff's allegation that his cellmate only received 30 days of sanctions while he received 90 days of sanctions. He correctly found that such a claim fails because: (1) Plaintiff failed to demonstrate discriminatory intent; and (2) Plaintiff refused a plea deal while his cellmate pled guilty to the charges. (ECF No.

3

16 at 6–7); *see Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.").

Finally, the Magistrate Judge liberally construed the pleadings to consider Plaintiff's allegations related to the processing of his SCDC grievances. The Magistrate Judge correctly found that such allegations fail to state a constitutional claim, noting that "it is well-settled that prison inmates have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated." (ECF No. 16 at 7); *see Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

Accordingly, the Court accepts the Magistrate Judge's recommendation and overrules Plaintiff's objections. This action is therefore DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

July 7, 2016
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.